IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIO MEJIA, | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO. 5:25-cv-560 (MTT) |
| | ) |
| CITY OF SPARTA, GEORGIA, et al., | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff Julio Mejia claims Defendants City of Sparta, Georgia, City of Sparta Historic Preservation Commission ("HPC"), Dip Pollaty, Karen West, and John Does 1–5[1] violated his equal protection, First Amendment, and procedural due process rights. ECF 10. The City of Sparta, Sparta-Hancock County Historic Preservation Commission, and Griffith Pollaty ("Defendants") move to dismiss Mejia's complaint. ECF 11. For the reasons that follow, the Defendants' motion (ECF 11) is **GRANTED**.

## I. BACKGROUND

Mejia owns historic property in Sparta, Georgia and sought to maintain and improve his property. ECF 10 ¶ 10. In or around 2023, the Defendants "subjected [Mejia] to heightened scrutiny and enforcement actions." *Id.* ¶ 11. Mejia received

---

[1] The Court informed Mejia that filing a recast complaint would render his previous pleadings a "legal nullity." *See* ECF 7 at 1; *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that "[a]n amended pleading supersedes the former pleading"). Mejia lists these defendants in his "recast second amended complaint." ECF 10 at 1. Accordingly, the Clerk's Office is **DIRECTED** to update CM-ECF to show only these defendants, noting that Dip Pollaty and Griffith Pollaty appear to be the same person. *See* ECF 2-1 at 6.

"citations, restrictions, and threats not imposed on others," and Karen West and Dip Pollaty participated in these enforcement actions. *Id.* ¶¶ 13–15. When Mejia "raised concerns regarding unequal treatment," the Defendants' enforcement actions intensified. *Id.* ¶¶ 16, 17. The Mayor of Sparta publicly stated Plaintiff was "liable" on social media. *Id.* ¶ 18. Mejia was informed firefighters would not respond to a fire at his property. *Id.* ¶ 20.

Mejia filed suit in the Superior Court of Hancock County, Georgia, on December 3, 2025. ECF 1-4. His action was removed to this Court on December 29, 2025. ECF 1. The following day, the Defendants filed a motion to dismiss. ECF 2. Mejia filed an amended complaint on January 16, 2026, and the Defendants moved to dismiss the amended complaint. ECF 4; 5. The Court ordered Mejia to file an Artificial Intelligence ("AI") Disclosure which includes "a signed statement fully disclosing the use of AI to assist in the preparation of and drafting of the pleading" and "certif[ies] that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading." ECF 6. The Court also informed Mejia that his amended complaint was "not a proper amended complaint" and ordered him to recast his complaint in accordance with the Court's instructions.[2] ECF 7. The next day, Mejia moved for leave to file a second amended

---

[2] The Court instructed as follows:

> In the "statement of claims" section of his recast complaint, Mejia must link any claims he makes to the named defendant. If Mejia fails to link the named defendant to a claim, the claim will be dismissed; if Mejia makes no allegations in the body of his complaint against the named defendant, that defendant will be removed from the action and dismissed. Mejia must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law. In sum, the recast complaint must state what each defendant did (or did not do) to violate his rights; when each act or failure to act occurred; and how Mejia was injured as a result of each defendant's actions.

ECF 7 at 1–2.

complaint. The Court ordered that it "will grant the motion for leave to file a second amended complaint . . . once the Plaintiff files his AI Disclosure." ECF 9. Mejia then filed a "recast second amended complaint" which included his AI Disclosure. ECF 10. The Defendants moved to dismiss the "recast second amended complaint," and Mejia responded. ECF 11; 12. The Court **GRANTS** Mejia's motion for leave to file a second amended complaint (ECF 8) and now turns to the Defendants' motion to dismiss the "recast second amended complaint" (ECF 10). ECF 12.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

Mejia's recast second amended complaint fails to state a claim because it does not "give the [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. It is unclear from the face of the complaint which Defendant(s) would be liable on which causes of action, and why they would be liable, because each count generically refers to "Defendants." ECF 10 at 2. And Mejia fails to provide factual support for any of his claims. *See Iqbal,* 556 U.S. at 678 ("'[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice.") (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

Mejia claims in Count I that "Defendants treated Plaintiff differently from similarly situated property owners without rational basis" and "violated Plaintiff's right to equal protection." ECF 10 at 2. He does not allege that he is a member of an identifiable group but rather appears to allege that he was singled out as a class of one. In class-of-one cases, the plaintiff must still allege that he was treated differently from others who were similarly situated with "some specificity," and a comparator "must be prima facie identical in all relevant respects." *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006). Mejia has not stated a plausible equal protection claim because he

summarily alleges that he was treated differently from similarly situated property owners through "heightened scrutiny and enforcement actions" without providing any facts in support. *See* ECF 10 at 1–2.

Mejia claims in Count II that he "engaged in protected speech" and "Defendants retaliated through adverse actions." *Id.* at 2. He alleges that "after [he] engaged in protected speech, enforcement actions intensified." *Id.* He alleges "[t]he Mayor of Sparta publicly stated Plaintiff was 'liable' on social media" and he was "informed firefighters would not respond to a fire at his property," which he "reasonably perceived . . . as retaliation." *Id.* at 1–2. Mejia does not allege any facts about his purported protected speech or facts which support a causal connection between his protected speech and the adverse actions taken against him. *See Warren v. DeSantis,* 631 F. Supp. 3d 1188, 1195 (N.D. Fla. Sept. 29, 2022) ("The elements of a First Amendment retaliation claim are (1) speech or activity protected by the First Amendment, (2) an adverse action, and (3) a causal connection between the protected speech or activity and the adverse action.") (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

Mejia claims in Count III that "Defendants deprived Plaintiff of property interests without due process." ECF 10 at 2. This claim does not have any supporting factual allegations whatsoever. Mejia does not allege what property interest he was deprived of, what state action was taken, or how any process was constitutionally inadequate. *See Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) ("In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.") (citation modified).

In sum, Mejia fails to distinguish which Defendants he is bringing any particular claim against, fails to allege facts with specificity, and fails to support his bare legal conclusions. Accordingly, he fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

The Defendants' motion to dismiss for failure to state a claim (ECF 11) is **GRANTED** and Mejia's claims are **DISMISSED without prejudice**.[3]

**SO ORDERED**, this 24th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] In his response to the Defendants' motion to dismiss, Mejia states: "If any deficiency exists, Plaintiff respectfully requests leave to amend." ECF 12 at 2. First, Mejia's request in a responsive brief is not a proper motion to amend. *See Newton v. Duke Energy Fl., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). Second, Mejia filed his recast second amended complaint after the Court explained in detail what he needed to do to draft a proper complaint. *See* ECF 7. He ignored those instructions. Accordingly, Mejia's request to amend is **DENIED**.

The Court dismisses Mejia's claims as to all defendants because, for the reasons explained above, Mejia's recast second amended complaint fails to provide any defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and fails to provide factual support for any claim. *Twombly*, 550 U.S. at 555. Accordingly, although Karen West did not join the motion to dismiss, she is similarly situated to the defendants who moved to dismiss. Mejia had an opportunity to respond to the arguments raised in the motion to dismiss and he was on notice that failure to cure his pleading deficiencies would result in dismissal. *See* ECF 7; 12; *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) (holding that dismissal of non-moving defendants was not unfair because the non-moving defendants were similarly situated to the moving defendants and the opposing party had an opportunity to respond to the issues raised by the moving defendants).